```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

ROGER VALES, et al.        :

               v.        :   Civil Action No. DKC 2005-3110

ALMA PRECIADO, et al.      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are the motions of Defendant Dorita Down to vacate the writs of attachment before judgment (paper 92) and to exempt property from levy (papers 140 & 149).[1] The issues are fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, Down's motion to vacate the writs of attachment before judgment will be denied, the first motion to exempt property from levy will be denied as moot, and the second motion to exempt property from levy will be denied without prejudice.

**I. Background**

Plaintiffs Roger Vales and Lourdes Vales, residents of Florida, filed a complaint against Defendants Alma Preciado, Dorita Down, William Camp, Jr., Pidegro LLC, and Pidegro Ltd, alleging fraud in connection with a loan provided by Plaintiffs in the

---

[1] The second motion to exempt property from levy (paper 149) is identical in substance to the first motion (paper 140), although it corrects several spelling errors. The original motion to exempt (paper 140) will, therefore, be denied as moot and the court will proceed with the second motion.

amount of $350,000.00.  Plaintiffs agreed to provide funding for a loan to Down on the basis of her loan application with Preciado d/b/a Metropolitan Financial Services.  The loan was to be secured by real estate in Bethesda, Maryland.  Plaintiffs assert that although no action was taken to secure the loan, Preciado nonetheless released Plaintiffs' check to Down.  The check was endorsed by Down and paid over to Pidegro LLC, an entity whose sole members included Camp, Down, and Preciado.  Plaintiffs maintain that the $350,000.00 check was deposited into the Citibank account of Pidegro LLC on April 6, 2005.

After Ms. Down deposited the check in the account of Pidegro LLC, Preciado, for herself and Metropolitan Financial Services and for the claimed benefit of Plaintiffs, filed a complaint in the Circuit Court for Montgomery County, Maryland, on June 27, 2005, alleging fraud and violations of the Uniform Commercial Code against Down, Pidegro LLC, Harry Down, and Camp, in connection with the loan transaction.  Preciado filed a request with the state court for a writ of attachment before judgment against Ms. Down and Pidegro LLC, the state court issued a prejudgment attachment Order on July, 1, 2005.  (Paper 57, ex. 2).  The defendants removed the case to this court based on diversity jurisdiction.  *See Preciado v. Vales*, Civil Action No. DKC 2005-2339.  On November 16, 2005, Plaintiffs brought suit in this court alleging seven counts, *see Vales, et al. v. Preciado, et al.*, Civil Action No. DKC 2005-3110,

2

and an amended complaint was filed February 8, 2006. On April 6, 2006, the cases were consolidated.

On July 18, 2006, Plaintiffs filed an ex-parte request for the issuance of writs of attachment before judgment against Defendants Down and Camp, along with a motion to seal the ex-parte request. (Papers 56 & 57). Plaintiffs asserted that the prejudgment attachments filed in the Circuit Court for Montgomery County were close to dissolution and that continuing and additional writs were needed to prevent Defendants from absconding with the funds. By Order entered August 9, 2006, this court granted both of Plaintiffs' motions. (Paper 59). Down now moves to vacate the writs of attachment and to exempt the funds in her United Bank account from levy.

## II. Motion to Vacate Writs of Attachment

This court granted Plaintiffs' motion for a writ of attachment against Down pursuant to Fed.R.Civ.P. 64 and Md. Code Ann., Cts. & Jud. Proc. §§ 3-302, 3-303, 3-304, and 3-305. Fed.R.Civ.P. 64 provides, in pertinent part:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held. . . .

Fed.R.Civ.P. 64 "dictates that state law governs the attachment procedure." *Prestige Wine & Spirits, Inc. v. Martel &*

*Co.*, 680 F.Supp. 743, 745 (D.Md. 1988). Accordingly, the court relied on Md. Code Ann., Cts. & Jud. Proc. § 3-303(d) in issuing the writ against Down. That provision states that a prejudgment attachment may issue: "If the debtor has absconded or is about to abscond from the State; or if an individual has removed, or is about to remove from his place of abode in the State with intent to defraud his creditors." Md. Code Ann., Cts. & Jud. Proc. § 3-303(d).

Down moves to vacate the writs of attachment before judgment because Plaintiffs did not provide to Down or her counsel "any of the pleadings relating to seeking the writs of attachment before judgment until after the issuance of the writs of attachment." (Paper 92). Down asserts that this was in violation of Rules III(c)16 (b) & (d) of the Electronic Filing Requirements and Procedures for the United States District Court for the District of Maryland, which require a party filing something under seal to notify electronically the other party of the type of document being filed, and within 24 hours to serve the sealed document in paper format, along with a traditional certificate of service, copies of the notice of filing of documents under seal, and notice of electronic filing.

Plaintiffs' ex-parte request for a writ of attachment (paper 57) was specifically filed under seal "to avoid providing the Defendants with an opportunity to withdrawal [sic]; transfer;

4

secrete and/or to otherwise remove the funds for which these Writs of attachment are being sought and giving notice to the Defendants of the subject Request will provide the Defendants with such an opportunity" (paper 56).  The court recognized these concerns and Ordered that Plaintiffs' motion to seal (paper 56) and ex parte request for attachment before judgment (paper 57) remain sealed until the proposed writs of execution were submitted by Plaintiffs to the clerk.  (Paper 59).  Once the writs of execution were presented, issued, and a nominal bond was filed, all papers related to Plaintiffs' request and supplemental request for the issuance of writs of attachment before judgment were promptly unsealed. (Paper 87).

Moreover, an ex parte writ of attachment before judgment is authorized by Maryland law and does not require service at the time of filing:

> At the time of filing a complaint commencing an action or while the action is pending, a plaintiff entitled by statute to attachment before judgment may file a request for an order directing the issuance of a writ of attachment for levy or garnishment of property or credits of the defendant. The request may be made ex parte. The plaintiff shall file with the request an affidavit verifying the facts set forth in the complaint and stating the grounds for entitlement to the writ. The request and affidavit need not be served pursuant to Rule 1-321 at the time of filing.

Md.R. 2-115.

Down was entitled to no more notice than that which she received.  This court's Order permitted all submissions to be made under seal and the motion to seal was granted expressly to prevent the transfer or relocation of assets by Down.  Moreover, the applicable Maryland Rule does not require service at the time of filing for an ex parte request for the issuance of a writ of attachment.  For these reasons, Down's motion to vacate the writs of attachment before judgment (paper 92) will be denied.

**III.  Exempt Property From Levy**

Down moves to exempt from levy all funds contained in her bank account with United Bank on two grounds. (Paper 149).  First, Down moves to exempt property pursuant to Md. Code Ann., Cts. & Jud. Proc. § 11-504, which exempts "cash or property of any kind equivalent in value to $6,000 . . . if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000."  Plaintiffs respond that this statute does not apply in this case because it provides for exemptions from execution on a judgment and no judgment has been entered against Down, and furthermore, that she attempted to make an election after the time period expired. (Paper 152).  Down's bank account was attached in August 2006, and the original motion to exempt was filed in February 2007.  Thus, even if § 11-504 would

apply at this time, the motion was made well after the 30 day time limit, and will be denied.

Second, Down alleges that all the funds in this bank account are from social security payments. (Paper 149). She cites to 42 U.S.C. § 407,[2] which exempts social security payments from attachment, and to Md.R. 3-643(c), which allows the court to release property from levy if it finds that it is otherwise exempt. Plaintiffs respond that the Maryland Rule is not applicable in this court and summarily state that 42 U.S.C. § 407 does not apply, but do not explain why. Down has provided no evidence to substantiate her claim that the funds in her bank account are from social security payments. Absent such evidence, the court need not reach the legal merits of Down's claim. Down's second motion to exempt from levy the funds in her bank account, because such funds are from social security payments, will be denied without prejudice to renewal accompanied by appropriate supporting evidence of the origin of the funds in the United Bank account.

## IV.  Conclusion

For the foregoing reasons, Down's motion to vacate will be denied, her original motion to exempt property from levy will be

---

[2] 42 U.S.C. § 407 provides: ". . . none of the moneys paid or payable or rights existing under this [Social Security] subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

7

denied as moot, and her second motion to exempt property from levy will be denied without prejudice.  A separate Order will follow.


                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge