```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                         :
ROGER VALES, et al.
                                         :
     v.                                  : Civil Action No. DKC 2005-3110
                                         :
ALMA PRECIADO, et al.
                                         :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Alma Preciado to stay the proceedings on "Fifth Amendment" grounds. (Paper 154). The issues are fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, Preciado's motion will be denied.

**I.  Background**

Roger Vales and Lourdes Vales, residents of Florida, filed a complaint against Alma Preciado, Dorita Down, William Camp, Jr., Pidegro LLC, and Pidegro Ltd., alleging fraud in connection with a loan provided by them in the amount of $350,000.00.

Roger and Lourdes Vales agreed to provide funding for a loan to Down on the basis of her loan application with Preciado d/b/a Metropolitan Financial Services. The loan was to be secured by real estate in Bethesda, Maryland. Plaintiffs assert that although no action was taken to secure the loan, Preciado nonetheless released their check to Down. The check was endorsed by Down and paid over to Pidegro LLC, an entity whose sole members included Camp, Down, and Preciado. Plaintiffs maintain that the $350,000.00

check was deposited into the Citibank account of Pidegro LLC on April 6, 2005.

Roger and Lourdes Vales initiated a criminal complaint against Preciado on May 24, 2005, alleging that she stole $350,000. The prosecutor ultimately entered a *nolle prosequi*. (Paper 154, Att. 3). Preciado, for herself and Metropolitan Financial Services and for the claimed benefit of the Roger and Lourdes Vales, filed a complaint in the Circuit Court for Montgomery County, Maryland, on June 27, 2005, against Down, Pidegro LLC, Harry Down, and Camp, in connection with the loan transaction. The defendants in that action removed the case to this court based on diversity jurisdiction, *see Preciado v. Vales*, Civil Action No. DKC 2005-2339. On November 16, 2005, Roger and Lourdes Vales brought suit in this court, *see Vales, et al. v. Preciado, et al.*, Civil Action No. DKC 2005-3110. The cases were consolidated on April 6, 2006. On the basis of the *nolle prossed* charge, Preciado filed an amended counterclaim against the Roger and Lourdes Vales on July 28, 2006, asserting malicious prosecution and defamation. (Paper 62).

Preciado now moves to stay the instant proceedings on "Fifth Amendment" grounds. She states that if discovery is allowed to proceed, she will be forced to assert her Fifth Amendment privilege during her deposition. Preciado asks that discovery be stayed until the threat of criminal liability has ended. Preciado specifically requests that all proceedings be stayed until the

later of (1) the date that the statute of limitations has run on every federal or state crime for which she could be indicted, or (2) the date that all proceedings are completed which arise from indictments that have been, or will be, filed.  Roger and Lourdes Vales oppose a stay.  In the alternative, Preciado requests an extension of the scheduling order to permit her to take the depositions of additional individuals "to evaluate the timing of any criminal prosecutions."[1]

## II. Standard of Review

"The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket."  *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  A district court has inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis*, 299 U.S. at 254; *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis* for the same proposition); *Climax Molybdenum Co. v. M/V Seatrain Antwerp*, 51 B.R. 192, 195 (D.Md. 1984) (power

---

[1] Per paper 111, and in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, all discovery disputes and related scheduling matters are referred to Magistrate Judge William Connelly.

to stay proceedings is within the inherent powers of a trial court) (citation omitted).  "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative."  *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).  A stay of a civil case is an "extraordinary remedy."  *See Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987).

**III.  Analysis**

A motion to stay requires the trial court "to balance the various factors relevant to the expeditious and comprehensive disposition of the cause of action on the court's docket."  *Ga. Pac. Corp.*, 562 F.2d at 296.  The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings.  *Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980).  "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence."  *Dresser*, 628 F.2d at 1374.  "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem [ ] to require such action.'"  *Id.* at 1375 (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)).

> In determining whether to stay a civil proceeding in response to pending, or in this case potential, criminal proceedings, the

> courts have traditionally looked to five factors for guidance. These factors are: (1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiffs if delay; (2) the burden on defendants; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

*In re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. 358, 359 (D.Md. 1981) (hereinafter "*Mid-Atlantic Toyota*"); *see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004) (setting forth same five factors). In *Mid-Atlantic Toyota*, it was the defendants who moved for a stay, but the analysis applies where the movant is both a defendant and a plaintiff, as here.

The first factor, the potential harm to the non-movant, indicates that a stay should be denied. The delay sought by Preciado has the potential to be quite long. She argues that all proceedings should be stayed until the date that "the statute of limitations has run on every federal or state crime for which Ms. Preciado could be indicted based upon the alleged illegal conduct." (Paper 154, at 50). Preciado claims that the current criminal investigations arise from the *nolle prossed* charge for theft. In Maryland, there is no statute of limitations for felony theft. Md. Code Ann., Crim. Law Art. § 7-107(i) (2006). Taken to its logical conclusion, this means that if Preciado's motion was granted, these proceedings could be stayed indefinitely. A blanket stay is not

appropriate given such speculative circumstances.  The danger to Roger and Lourdes Vales of needlessly drawing out litigation is clear: "witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time."  *Mid-Atlantic Toyota*, 92 F.R.D. at 359.  Roger Vales has also testified that Preciado's claim against him and his wife has impaired their ability to obtain credit, and staying these proceedings would only prolong that harm.  (Paper 161, R. Vales Aff. ¶¶ 6 & 8).

The second factor, the burden on the movant without a stay, likewise indicates that the stay should be denied.  First, it is possible that Preciado has waived her Fifth Amendment privilege with respect to at least some aspects of her testimony.  Preciado submitted an affidavit swearing to the truth of the factual allegations contained in her amended counterclaim.  (Paper 62). "An affidavit operates like other testimonial statements to raise the possibility that the witness has waived the Fifth Amendment privilege."  *In re Edmond*, 934 F.2d 1304, 1308-09 (4th Cir. 1991) (citing *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990)).  Thus, it is not clear that Preciado is entitled to invoke the Fifth Amendment privilege and that she would be burdened by a denial of the stay.  Second, as a plaintiff in a portion of this case, Preciado is "in the somewhat unattractive posture of seeking the court's process to obtain a judgment, and at the same time

6

seeking to halt the litigation [ ] until a more convenient time." Sara Sun Beale, *et al.*, Remedies for unfair parallel proceedings: Stays of civil proceedings, *Grand Jury Law and Practice* § 10:7 (2006). Preciado initiated some of these proceedings and has waited several months to raise this issue. It is not fair to the other parties to let Preciado dictate the schedule of the proceedings.

The third factor, convenience of the courts, has been taken to refer to the attempts of courts to avoid duplicative judicial effort. *Mid-Atlantic Toyota*, 92 F.R.D. at 360. On the instant facts, given that no criminal charges have been filed against Preciado, there are no duplicative judicial efforts to avoid.

The fourth and fifth factors may be considered together. There are no third parties whose rights will be adversely impacted by a stay and there is no public interest at stake here, other than the efficient administration of justice. *See United States v. Hasting*, 461 U.S. 499, 527 (1983) (recognizing "the important judicial and public interest in the orderly and efficient administration of justice.").

On balance, it is not necessary or advisable to stay all discovery until the threat of Preciado's criminal liability has ended. Rather, it is entirely appropriate for discovery to proceed. If Preciado successfully invokes the Fifth Amendment to

refuse to answer, the other parties may be able to use that assertion of privilege later.[2]

**IV. Conclusion**

For the foregoing reasons, Preciado's motion for a stay of the proceedings on "Fifth Amendment" grounds will be denied. The deposition of Preciado will be allowed to proceed in accordance with the scheduling order as set by Magistrate Judge William Connelly.

```
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
```

---

[2] "[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them. . . ." *Gilbert v. United States*, 203 F.3d 820, 820 n.2 (4th Cir. 2000) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

8