IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROGER R. VALES, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. CBD-05-3110 |
| ) | |
| **ALMA PRECIADO, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM OPINION**

Before the Court is Vales' Renewed Motion for Summary Judgment As Against Defendants, Dorita Down and William Camp ("Plaintiffs' Renewed Motion")(ECF No. 266). No opposition has been filed and no hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby DENIES Plaintiffs' Renewed Motion with prejudice. Plaintiffs' Renewed Motion provides argument and reference to materials in an effort to persuade the Court of the merits of their position. This Court must be assured that the materials on which it bases its decision are reliable and authentic, particularly when the Court's decision is dispositive. Said materials must meet the evidentiary standard required by Fed. R. Civ. P. 56.

Plaintiffs have failed to set forth what the material facts are, and have failed to demonstrate the absence of a genuine dispute. While Plaintiffs provide a section entitled "Facts," said material is not supported by record, admissible evidence.

**I.      Discussion**

        *a. Federal Rule of Civil Procedure 56 provides the standard for summary judgment.*

The Court's analysis begins with the summary judgment standard itself, Federal Rule of Civil Procedure 56. The rule provides that "the judgment sought should be rendered if the

1

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  Essentially, "the moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

A court's summary judgment inquiry "unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986) (internal citations omitted).  "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." Id. at 254.  For a court to accurately determine whether there is a factual dispute for a jury, the judge must be assured that the evidence he examines at summary judgment is as authentic as that which the jury will consider.  This requires an evidentiary standard for materials considered on summary judgment which "govern its deliberations and [provide] within what boundaries [the court's] ultimate decision must fall." Id. at 254-55.  In summary judgment the parties submit materials which create a record; it is on that record only, that the Court rules on summary judgment.  In the present case, the record is sketchy, in that while some of the materials provided by Plaintiffs have legitimate support in the record, other materials are lacking such support.  It is not for the Court to divine where the legitimate record evidence may be found.  The initial burden falls to the moving party.

Federal Rule of Civil Procedure 56 operates under a burden shifting framework, wherein the moving party has the burden to demonstrate that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56.  In so doing, the moving party need not "support its motion with

2

affidavits or other similar materials negating the opponent's claim." Celotex Corp., 477 U.S. at 323 (emphasis omitted). A motion for summary judgment may be granted without supporting documentation "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

Federal Rule of Civil Procedure 56 provides the types of materials that may be submitted for the court's consideration, and they include: pleadings, depositions, answers to interrogatories, admissions, and any affidavits. Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323. Except for admissions, all of the materials Rule 56 allows in summary judgment are presented under oath.[1] The oath, and the penalty of perjury which gives the oath its true power, gives the Court strong reason to believe that the materials supporting the motion or the opposition are authentic.

The Rule 56 requirements for summary judgment "help assure the fair and prompt disposition of cases." Orsi v. Kirkwood, 999 F.2d 86, 91 (4th Cir. 1993). "They also allow a district court to ascertain, through criteria designed to ensure reliability and veracity, that a party has real proof of a claim before proceeding to trial." Id. The rationale behind the Rule 56 requirements shines brightly in applying Rule 56. The Court is of the opinion that, in the present context, the materials offered in Plaintiffs' Renewed Motion should meet the Rule 56 standard of authenticity.

Moving parties are not required to submit materials supporting their motions for summary judgment. Here, documents appear necessary to support Plaintiffs' argument and the satisfaction of their initial burden. In the absence of these supporting documents, the Court has no basis to grant Plaintiffs' Renewed Motion. In the present case, Plaintiffs rely completely upon supposed favorable responses to Requests for Admissions addressed to Defendants Dorita

---

[1] "Admissions" are even more dispositive of an issue than the other forms of reliable evidence. Admissions are the

3

Down and William Camp.  Neither the requests nor the responses of Ms. Down are provided.  In essence, Plaintiffs expect the Court to rely upon their summary of what the record evidence provides.  This is not permissible, and the Court will not rely upon Plaintiffs' summaries.

> **b.  *In the Fourth Circuit, materials considered in summary judgment must be authentic.***
>
>> **i.  *Fourth Circuit jurisprudence regarding the Rule 56 evidentiary standard uses broad language, indicating application to both moving and non-moving parties.***

In the Fourth Circuit, there is ample jurisprudence regarding the quality of materials presented to a court by a party opposing a motion for summary judgment.  However, the authority is less explicit on the requisite standard of evidence for documentary materials that a moving party submits.  Although the authority is less explicit, courts in the Fourth Circuit consistently use broad language indicating application of the same standard to both the moving and non-moving parties at summary judgment.  The District of Maryland has also used broad language indicating this standard's equal application.

>> **ii.  *Documents considered on summary judgment must be authenticated; the Court must have evidence that documents are what they purport to be.***

"It is well established that that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." Orsi, 999 F.2d at 92.  See also DeBlois v. Gensel, No. CCB-07-2596, 2009 WL 2713947, at *6 (D. Md. Aug. 26, 2009) (documents considered on summary judgment must be "authenticated by either an affidavit or deposition"); Meyers v. Lazer Spot, Inc., No. L-05-3407, 2008 WL 2609386, at *4 (D. Md. June 25, 2008) (party may not rely on unauthenticated documents in support of summary judgment); Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 536, 541-42 (D. Md. 2007) ("unsworn, unauthenticated

---

nuclear weapon in the arsenal of litigation in that admissions may have a conclusive impact upon a factual dispute.

documents cannot be considered on a motion for summary judgment." (quoting <u>Miskin v. Baxter Healthcare Corp.</u>, 107 F. Supp. 2d 669 (D. Md. 1999); <u>Stanley Martin Co., Inc. v. Universal Forest Prod. Shoffner, LLC</u>, 396 F. Supp. 2d 606, 612-13 (D. Md. 2005) (materials were admitted because they were sufficiently authenticated).[2] The critical factor for authentication is demonstrating "through evidence … a finding that the document is what the proponent claims." <u>Stanley Martin Co., Inc.</u>, 396 F. Supp. 2d at 613 (citing Fed. R. Evid. 901). The question of how a document offered by a moving party may be authenticated was specifically addressed by the court in <u>Stanley Martin</u>. There, the court recognized that if a document satisfied Fed. R. Evid. 901, it would be sufficiently authenticated for consideration on summary judgment. <u>Id.</u>, at 612-13. <u>Stanley Martin</u> is particularly relevant to the present case because it examined evidence introduced by the party moving for summary judgment. Like in <u>Stanley Martin</u>, it is critical here to know that the documents relied upon are what they purport to be.

     Further, the Fourth Circuit Court of Appeals generally requires those opposing motions for summary judgment to submit supporting materials that are admissible at trial. <u>Lorraine</u>, 241 F.R.D. at 535 ("to be entitled to consideration on summary judgment, the evidence supporting the facts set forth by the parties must be such as would be admissible in evidence"). Although these cases in the Fourth Circuit specifically concern the non-moving party's materials, in each case the Court uses clear, broad language in declaring the standard for evidence submitted. For a non-moving party with the burden of proof at trial, "[m]aterial that is inadmissible will not be considered on a summary-judgment motion because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless." Wright & Miller,

---

[2] The Court acknowledges that most of these opinions are unpublished; however, they remain instructive as cases within a larger body of law suggesting a consistent standard within the Fourth Circuit.

Federal Practice and Procedure § 2727 (2010).  Likewise, it stands to reason that for a moving party with the burden of proof at trial, evidence lacking authenticity cannot establish the absence of material dispute resulting in the fatal disposition of a case.[3]

>   *iii. Affidavits can provide the requisite authentication for documents considered at summary judgment.*

Rule 56, though, "is not unfailingly rigid."  United States Dep't. of Housing and Urban Affairs v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d 920, 926 n.8 (4th Cir. 1995).  See also Global Policy Partners v. Yessin, No. 1:09cv859, 2010 WL 675241, at *6 (E.D. Va. Feb. 18, 2010) ("It is clear that evidence not in a form admissible at trial may nonetheless be considered in summary judgment."); Lorraine, 241 F.R.D. at 537-38.  While admissibility is important, authenticity is indispensible.  The Court must have confidence in the evidence it considers, particularly when it is contemplating a dispositive motion.

Affidavits are one such permissible form of authentication at summary judgment and are explicitly mentioned as such in Rule 56.  "[T]o be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'"  Orsi, 999 F.2d 86, 92 (4th Cir. 1993) (quoting Wright and Miller, Federal Practice and Procedure § 2722, at 58-60 (1983 & 1993 Supp.)).  See also B & J Enter. v. Giordano, 329 Fed. Appx. 411, 415 (4th Cir. 2009); DeBlois v. Gensel, No. CCB-07-2596, 2009 WL 2713947 at *1 n. 1 (D. Md. Aug. 26, 2009); Meyers v. Lazer Spot, Inc., No. L-05-3407, 2008 WL 2609386 at *4 (D. Md. June 25, 2008); Lorraine, 241 F.R.D. at 537-38.  In the context

---

[3] A similar rationale is applicable regarding the use of hearsay.  See e.g., Greensboro Prof'l Fire Fighters Ass'n Local 3157 v. Greensboro, 64 F.3d 962, 967 (4th Cir. 1995) ("evidence that is inadmissible at trial is not admissible for summary judgment"); United States Dept. of Housing and Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d 920, 926 (4th Cir. 1995) ("hearsay, like other evidence inadmissible at trial, is ordinarily an inadequate basis for summary judgment"); Maryland Highways Contractors Ass'n. Inc., v. Maryland, 933 F.2d 1246, 1251-52 (4th Cir. 1991) (citing, among others, Rohrbough v. Wyeth Lab., Inc., 916 F.2d 970, 973-74 n.8 (4th Cir. 1990)).

of summary judgment, affidavits must meet the requirements set forth in Rule 56, and affidavits that fail to meet these requirements are insufficient to authenticate materials.  See DeBlois v. Gensel, No. CCB-07-2596, 2009 WL 2713947 at *1 n. 1 (D. Md. Aug. 26, 2009).  A document can be rendered inadmissible on summary judgment if its affidavit does not meet the Rule 56 requirements.  Similarly, it stands to reason that a document with no supporting affidavit also cannot be considered on summary judgment.  In the present case, Plaintiffs do not present the Court with any affidavits authenticating the documents they describe.

The only record evidence of any value are the affidavits provided by Plaintiffs.  However, the Court is not inclined to comb through Plaintiffs' affidavits for the purpose of developing from them statements of material fact that are not in dispute.  The Court is to act as an arbiter, not an advocate.

While this case relies heavily upon documents suggesting a failed real estate transaction and the conveyance of a sizeable check, not a single relevant document has been submitted to the Court.  This is troubling in that more than a few references in Plaintiffs' affidavits rely upon documents and the supposed truth of the matters asserted therein.  For example, see Lourdes Vales Affidavit, (hereinafter "LV Affd.") ¶ 9-11, 13-14, 16-17, 21-25, 27.  The affidavits also include inadmissible hearsay.  LV Affd. ¶ 24 ("Alma and Dorita met with Henry Borroto, according to the deposition testimony of Mr. Borroto, at his office.  Alma Preciado and Dorita Down both inquired of Mr. Borroto whether he could perform the settlement utilizing a power of attorney being signed by Harry Down who was the sole Deed owner of the subject property.").  See also, ¶ 32, 34-36, 38-42.

As to the Request for Admissions addressed to Ms. Down, Plaintiffs provide only a summary of the responses.  This is troubling in that the Court cannot determine Dorita Down's particular response to any specific request for admission.  Plaintiffs globally assert that for the provided requests, Dorita Down stated either "unknown fact by me," "I do not recall," or "do not recall."

On September 19, 2006, this Court issued its Scheduling Order (ECF No. 100) advising the parties that "the court will demand compliance with the Local Rules and CM/ECF procedures."  With respect to Requests for Admissions, Local Rule 104.1 states

> Unless otherwise ordered by the Court, or agreed upon by the parties, no party shall serve upon any other party, at one (1) time or cumulatively, more than thirty (30) requests for production, or more than thirty (30) requests for admission (other than requests propounded for the purpose of establishing the authenticity of documents or the fact that documents constitute business records), including all parts and sub-parts.

Plaintiffs propounded no fewer than 224 Requests for Admissions upon Dorita Down, (and a similarly excessive number upon Defendant Camp).  To borrow a concept from the drunk driving nomenclature of our times, Plaintiffs actions are "more than seven times the legal limit."  This conduct appears to be abusive on its face, and is particularly troubling given Dorita Down's status as a pro se litigant as of January 2007.  Given that Plaintiffs have also failed to submit a copy of the applicable certificate of service, the Court cannot determine if Dorita Down was represented at the time that the Requests were made or when her answers were provided. Nonetheless, in the absence of an agreement between the parties, this conduct is inappropriate.

> *iv. Other United States Courts of Appeals also require that all materials submitted on summary judgment are authenticated.*

Some Federal Circuits have held explicitly that materials submitted in support of a motion for summary judgment must be admissible. See e.g., Woods v. City of Chicago, 234 F.3d 979 (2d Cir. 2000) (a "court may consider any evidence that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits."); Walker v. Wayne Cnty, Iowa, 850 F.2d 433, 435 (8th Cir. 1988) ("without a showing of admissibility, a party may not rely on hearsay evidence to support or oppose the motion" for summary judgment). Other United States Courts of Appeals have signaled that materials submitted for consideration on summary judgment by either the moving or non-moving parties must meet the Rule 56 standard. Though these cases evaluate evidence submitted by non-moving parties, they remain relevant here because these Courts use broad language which does not differentiate between moving and non-moving parties and speaks to evidence generally. See e.g., Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). The general standard is expressed well in Goguen ex rel. Estate of Goguen v. Textron, Inc., 234 F.R.D. 13 (D. Mass. 2006):

> Generally speaking, evidence must be admissible at trial in order to be considered on summary judgment. A significant exception is affidavits; under Rule Fed. R. Civ. P. 56(e), affidavits, although not themselves admissible at trial, may be offered in support of, or opposition to, summary judgment if they set forth facts that would be admissible under the Federal Rules of Evidence.

Id., at 16 (internal citations omitted). This Court finds the approach of the District of Massachusetts to be logically sound in that it treats the submissions from both parties with procedural equality.

9

## II.     Conclusion

Requiring materials submitted by the moving party to be authenticated does not increase its burden.  This evidentiary standard is only implicated when a moving party *chooses* to submit materials in support of its motion.  Here, Plaintiffs submitted supporting materials, and the Court must be assured that the materials are what they purport to be.  In light of the foregoing rationale, the Court denies Plaintiffs' Renewed Motion for Summary Judgment.

January 13, 2012                                                    _____/s/_____
                                                                                Charles B. Day
                                                                                United States Magistrate Judge

CBD/bab